UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MATTHEW STRINGER                                   CIVIL ACTION

VERSUS                                             NO. 08-4185

ELEVATING BOATS, INC.                              SECTION: "C" (2)

ORDER AND REASONS

Before the Court is a Motion to Strike Jury and Alternatively for Leave to File a Supplemental Complaint by plaintiff Matthew Stringer. (Rec. Doc. 40). The motion is before the Court on the briefs without oral argument. After considering the parties' memoranda, the record, and the applicable law, the Court DENIES plaintiff's motion for the reasons set forth below.

*Law and Analysis*

Plaintiff filed his complaint on August 13, 2008. (Rec. Doc. 1). The complaint demanded a jury trial. The deadline for amending complaints, as set for in the Court's scheduling order (Rec. Doc. 8), was December 5, 2008. Trial is now scheduled for March 1, 2010. On February 12, 2010, the plaintiff moved to amend his complaint.

To determine whether an amendment under Rule 15(b) of the Federal Rules of Civil Procedure is appropriate after scheduling deadlines have expired, the Court must determine whether good cause has been shown. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535-36 (5th Cir. 2003). To make such a determination, the Court considers

1

four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Plaintiff has provided the Court with no arguments as to the first two factors.

As the Fifth Circuit noted in *Rachal v. Ingram Corp.*, 795 F.2d 1210, 1217 (5th Cir 1986), plaintiffs should not be permitted to "ambush" defendants by amending complaints shortly before trial.

In the event trial is continued, plaintiff may reurge their motion, keeping in mind the factors laid out above, and the impact of diversity having been pled in the original petition.

Accordingly,

IT IS ORDERED that plaintiff's motion (Rec. Doc. 40) is DENIED.

New Orleans, Louisiana, this 18th day of February, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE